[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-16564
Non-Argument Calendar

_____

D.C. Docket No. 1:12-cr-20463-CMA-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LAZARO DELGADO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 4, 2014)

Before TJOFLAT, ANDERSON, and DUBINA, Circuit Judges.

PER CURIAM:

Lazaro Delgado appeals his total 120-month sentence, imposed above the

guidelines range, after he pled guilty to one count of conspiracy to commit health

care fraud, in violation of 18 U.S.C. § 1349, and one count of wire fraud, in

violation of 18 U.S.C. § 1343.  On appeal, Delgado argues that his sentence was procedurally unreasonable because the district court improperly applied a leadership enhancement under U.S.S.G. § 3B1.1(a) in its guidelines calculation. He further argues that his sentence was substantively unreasonable because it was imposed above the guidelines range and based on the improper finding that he lacked remorse.

We review the reasonableness of a sentence under a deferential abuse of discretion standard of review.  *Gall v. United States*, 552 U.S. 38, 41, 128 S.Ct. 586, 591, 169 L.Ed.2d 445 (2007).  The district court must impose a sentence "sufficient, but not greater than necessary to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. *See* 18 U.S.C. § 3553(a)(2).  In imposing a particular sentence, the court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guidelines range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)-(7).

In reviewing the reasonableness of a sentence, we first ensure that the sentence was procedurally reasonable, meaning the district court properly calculated the guidelines range, treated the guidelines as advisory, considered the § 3553(a) factors, did not select a sentence based on clearly erroneous facts, and adequately explained the chosen sentence. *Gall*, 552 U.S. at 51, 128 S.Ct. at 597. If we determine that a sentence is procedurally sound, we then examine whether the sentence was substantively reasonable in light of the totality of the circumstances. *Id.*

The party who challenges the sentence bears the burden of showing that the sentence is unreasonable in light of the record and the § 3553(a) factors. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2008). A sentence imposed well below the statutory maximum penalty is another indicator of a reasonable sentence. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (holding that the sentence was reasonable in part because it was well below the statutory maximum).

The weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court. *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007). However, we will reverse if left with the "firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by

3

the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*) (citation omitted).  A district court's unjustified reliance upon any one § 3553(a) factor may be a symptom of an unreasonable sentence.  *United States v. Crisp*, 454 F.3d 1285, 1292 (11th Cir. 2006).

Under the Guidelines, an offense level should be enhanced by four levels "[i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive."  U.S.S.G. § 3B1.1(a).  We review the trial court's determination of whether a defendant had such an aggravating role in the offense for clear error.  *United States v. Jennings*, 599 F.3d 1241, 1253 (11th Cir. 1996).  Several factors influence that determination, including

> (1) exercise of decision-making authority, (2) nature of participation in the commission of the offense, (3) recruitment of accomplices, (4) claimed right to a larger share of the fruits of the crime, (5) degree of participation in planning or organizing the offense, (6) nature and scope of the illegal activity, and (7) degree of control and authority exercised over others.

*United States v. Rendon*, 354 F.3d 1320, 1331-32 (11th Cir. 2003).  To receive the enhancement, a defendant need not be the sole leader of a conspiracy.  *Id.* at 1332.

When a district court imposes a sentence outside of the guidelines range, "it should explain why that variance is appropriate in a particular case with sufficient justifications.  The justifications must be compelling enough to support the degree of the variance and complete enough to allow meaningful appellate review."

4

*United States v. Shaw*, 560 F.3d 1230, 1238 (11th Cir. 2009) (quotations and citations omitted).  In determining a proper sentence, the district court "is permitted to consider lack of remorse in its § 3553(a) analysis as to several factors, such as the characteristics of a defendant, the need to promote respect for the law, and the need to protect society."  *United States v. McNair*, 605 F.3d 1152, 1231 (11th Cir. 2010).

Delgado stipulated to a factual proffer in his plea agreement that acknowledged a number of ways that he exercised a leadership role in the conspiracy.  He now attempts to reduce the question of leadership to whether he had control over the proceeds of the conspiracy or was the nominee owner of any of the companies involved.  While it is true that control of the "fruits of the crime" is one factor the district court should consider in making a leadership determination, it is not the only factor.  *Rendon*, 354 F.3d at 1331-32.  Moreover, even if the district court were to accept Delgado's contention that Treto and de Oca were masterminds of the conspiracy, that does not necessarily relieve him of leadership responsibility because one need not be the sole leader of a conspiracy to receive the leadership enhancement. *Id.* at 1332.

The district court heard evidence that Delgado had approached prior owners of HHCs and negotiated the purchase of those companies for the conspiracy.  In his plea agreement's factual proffer, Delgado stipulated to this and to the fact that he

5

had recruited nominee owners of the companies involved in the conspiracy, but that he was the "true owner" who would ensure payment of co-conspirators.   In addition, Agent McGinty testified that the government had another witness who would testify that Delgado was the "mastermind" of the conspiracy who provided the patient lists used to fraudulently bill Medicare.  Thus, even if this Court were to assume for the sake of argument that Delgado did not have control of the conspiracy's proceeds, the other evidence before the district court was adequate for it to find Delgado had a leadership role under the other aggravating-role factors. *Rendon*, 354 F.3d at 1331-32.  Accordingly, the district court did not clearly err in applying a leadership enhancement to Delgado's offense level, and his sentence was procedurally reasonable.

Second, Delgado's arguments that it was substantively unreasonable for the district court to impose a sentence above the guidelines range, and that the record shows he was in fact remorseful, are also unavailing.  The district court adequately explained why the variance in this case was justified.  Based on the record, it was not unreasonable for the district court to find that Delgado's acceptance of responsibility was motivated not by genuine remorse, but by his expectation that doing so would reduce his sentence.  When given the opportunity to speak at sentencing, Delgado did not take the opportunity to apologize to his victims, but instead argued that the guidelines range was higher than he thought he had been

promised. Even if this Court were to accept for the sake of argument Delgado's contention that he did show remorse, the district court still provided "sufficient justifications" independent of Delgado's lack of remorse to warrant an upward variance. *Shaw*, 560 F.3d at 1238. Specifically, the district court noted that it based its sentence on the need for deterrence, the seriousness of Medicare fraud in southern Florida, Delgado's history of criminal activity in this country, and his failure to rehabilitate himself. The district court did not abuse its discretion in finding these reasons "compelling enough to support" a 12-month variance. *Shaw*, 560 F.3d at 1238. This is especially so because Delgado's sentence was still well below the 20-year statutory maximum for his wire-fraud conviction. *See Gonzalez*, 550 F.3d at 1324. Because the sentence was supported by the § 3553(a) factors, the district court's sentence was substantively reasonable. Accordingly, the district court did not abuse its discretion, and we affirm.

**AFFIRMED.**